# IN THE SUPREME COURT OF THE STATE OF NEVADA

BEAU SANTINO MAESTAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68771

FILED

JUL 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Beau Maestas and his sister attacked and stabbed a 3-year-old and her 10-year-old sister after the children's mother cheated Maestas in a drug deal. The 3-year-old died, and her sister was left a paraplegic. Maestas pleaded guilty to first-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and burglary while in possession of a deadly weapon. A jury sentenced him to death for the murder, and his sentence was affirmed by this court. *Maestas v. State*, 128 Nev. 124, 275 P.3d 74 (2012). Maestas then filed a timely postconviction petition for a writ of habeas corpus. After conducting an evidentiary hearing on Maestas' claim that his plea was not freely and voluntarily entered, the district court denied the petition. This appeal followed.

Maestas argues that the district court erred by denying his claim that his guilty plea was not freely and voluntarily entered. He points to two omissions in the plea canvass—an inquiry into whether he was

18-28644

entering the plea freely and voluntarily and a discussion of the rights he was waiving by entering his plea—to demonstrate that the canvass was deficient and consequently that he did not enter his plea freely and voluntarily.

"A guilty plea is presumptively valid, and [an appellant] ha[s] the burden of establishing that the plea was not entered knowingly and intelligently." *McConnell v. State*, 125 Nev. 243, 250, 212 P.3d 307, 312 (2009). The district court must consider the totality of the circumstances when determining the validity of a guilty plea, and this court has consistently stated that "the failure to utter talismanic phrases will not invalidate a plea where a totality of the circumstances demonstrates that the plea was freely, knowingly and voluntarily made and that the defendant understood the nature of the offense and the consequences of the plea." *Id.* (internal citation and quotation marks omitted). "This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion." *Id.*

At the evidentiary hearing, the district court took testimony from Maestas' counsel at the time of the plea, who recalled going through the guilty plea agreement line by line with Maestas and explaining the rights Maestas would be waiving if he pleaded guilty. Counsel recalled Maestas asking him questions and testified to his belief that Maestas understood the plea agreement. While Maestas' testimony contradicted counsel's recollection, the district court found that Maestas' testimony lacked credibility. The district court considered the written and signed guilty plea agreement, which contained a waiver of rights, a statement regarding the voluntariness of the plea, an acknowledgement that no sentence had been promised and that a jury would decide Maestas'

SUPREME COURT
OF
NEVADA

(O) 1947A

2

punishment from four listed options, as well as a change by interlineation initialed by both defense counsel and Maestas. It also considered the plea canvass, wherein Maestas was asked whether he had discussed fully with counsel his decision to waive the guilt phase; whether he understood the penalty, including the possibility of death, would be left to the jury; whether he read, went over with counsel, and understood the plea agreement; and whether he had any questions. Based on the totality of the circumstances, the record in this case demonstrates that Maestas' plea was freely and voluntarily entered, *see State v. Freese*, 116 Nev. 1097, 1104-08, 13 P.3d 442, 447-49 (2000), and the district court did not abuse its discretion by rejecting Maestas' challenge to the validity of his guilty plea.

Maestas' remaining claims are based on his contention that he received ineffective assistance of counsel. To establish ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-22, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). With regard to the prejudice prong where a conviction is the result of a guilty plea, a petitioner must "'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996) (emphasis omitted) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Both deficiency and prejudice must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence,

*Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). This court gives deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but reviews the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Maestas argues that trial counsel were ineffective in advising him to enter a guilty plea when there was the possibility of the death penalty being imposed. He asserts that the advantages of pleading guilty were illusory and far outweighed by the disadvantages of having more lenient rules of evidence at the penalty phase and of having the damaging facts of the case, along with evidence depicting Maestas as a person deserving of the death penalty, collectively introduced before the defense presented any case.

Maestas fails to demonstrate that counsels' advice fell below an objective standard of reasonableness given the overwhelming evidence of guilt and the benefits of the plea, including the dismissal of a count and the agreement to a sole theory of liability for the murder. Counsel testified that pleading guilty and arguing Maestas accepted responsibility at the penalty phase was in his opinion the best strategy to avoid a death sentence.[1] *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) ("A strategy decision . . . is a tactical decision that is virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). Moreover, Maestas fails to demonstrate that he was prejudiced where his testimony at the evidentiary hearing was that he wanted to plead guilty in order to help his sister's case. Therefore, he has not demonstrated that, but

_____

[1]We note that Maestas' first penalty phase resulted in a hung jury.

for counsels' advice, he would have insisted on going to trial, particularly given the overwhelming evidence of guilt and benefits of his plea. *See Lee v. United States*, 582 U.S. ___, 137 S. Ct. 1958, 1966 (2017) (recognizing the prejudice prong in a case involving a guilty plea considers the fact that defendants "weigh their prospects at trial").

As to Maestas' argument that prejudice should be presumed, he cites to no law for this proposition. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Further, there is authority contrary to his argument. *See, e.g., Elmore v. Sinclair*, 799 F.3d 1238, 1252 (9th Cir. 2015) (considering a claim that counsel was ineffective for advising defendant to plead guilty to a capital crime and concluding "that a defendant does not establish prejudice from a guilty plea, where, as here, there is no doubt about the guilt of a defendant"). Therefore, we conclude that the district court did not err in denying this claim.

Second, Maestas argues that counsel were ineffective for waiving his statutory right to a preliminary hearing. He contends that there was no tactical reason for the waiver apparent from the record and that he gained no advantage. He alleges that he was prejudiced in that the preliminary hearing would have led to unspecified information to help his defense. Maestas fails to demonstrate deficient performance or prejudice, as his claim is a bare allegation with no specific factual allegations that would have entitled him to relief and as he acknowledges that "the case would have probably ended in the district court for trial with or without a preliminary hearing." *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (stating that "bare" or "naked" claims are insufficient to

warrant relief). Therefore, the district court did not err by denying this claim without an evidentiary hearing. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (affirming that postconviction "claims must consist of more than bare allegations and that an evidentiary hearing is mandated only when a post-conviction petitioner asserts specific factual allegations that are not belied or repelled by the record and that, if true, would entitle him to relief" (internal quotation marks omitted)).

Third, Maestas argues that counsel were ineffective for failing to seek a change of venue. Maestas fails to demonstrate deficient performance or prejudice. He concedes in his briefing that this claim is meritless, and his bare claims of prejudice are insufficient to demonstrate he is entitled to relief. *See id.*; *Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Therefore the district court did not err by denying this claim without an evidentiary hearing.[2]

Fourth, Maestas argues that counsel were ineffective for failing to inform the jury that Nevada does not grant furloughs to inmates serving

---

[2]To the extent Maestas' claim can be construed as a standalone claim that pretrial publicity violated his constitutional right to due process, such an argument falls outside the scope of a postconviction habeas petition that challenges a judgment of conviction pursuant to a guilty plea. *See* NRS 34.810(1)(a) (limiting such petitions to claims "that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel"). Additionally, a postconviction habeas petition shall be dismissed if the conviction was the result of a trial (here, the penalty phase was tried before a jury) and the claim could have been raised in a direct appeal, unless the petitioner demonstrates good cause or actual prejudice. *See* NRS 34.810(1)(b)(2). A claim that pretrial publicity violated Maestas' constitutional rights could have been raised on direct appeal. Maestas does not argue good cause or actual prejudice for his failure to do so nor does he allege that appellate counsel was ineffective in this regard.

life sentences. He claims that testimony elicited at the penalty phase left the jury with the impression that he could receive weekend furloughs if he was sentenced to anything other than death. We disagree. The jury was properly instructed that "[l]ife imprisonment without the possibility of parole means exactly what it says, that [Maestas] shall not be eligible for parole" and that life with the possibility of parole meant that Maestas "would be eligible for parole after a period of forty years [but] [t]his does not mean that he would be paroled after forty years [ ] only that he would be eligible." Counsel argued the same sentiment, stating that life without the possibility of parole meant Maestas would be "in prison for the rest of his life" and that "parole eligibility mean[t] [Maestas] ha[d] to serve at least the full 40 years before it's even considered." Maestas fails to demonstrate that counsels' performance fell below an objective standard of reasonableness where the jury was properly instructed on the terms of life imprisonment in Nevada. Moreover, Maestas fails to demonstrate a reasonable probability of a different outcome had counsel specified for the jury that Nevada does not grant furloughs as the jury was correctly instructed on the terms of life imprisonment for Nevada prisoners and the additional information suggested by Maestas would merely have reinforced what the jury had already been told. Therefore, the district court did not err by denying this claim without an evidentiary hearing.

Maestas also argues that appellate counsel were ineffective. To establish ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114.

SUPREME COURT
OF
NEVADA

(0) 1947A

7

Maestas claims that appellate counsel were ineffective for failing to challenge the sufficiency of his guilty plea. He reargues that the district court's plea canvass was inadequate to demonstrate that his guilty plea was freely and voluntarily entered and contends that appellate counsel raised other, nonmeritorious issues instead of this meritorious one. As analyzed above, Maestas' plea was freely and voluntarily entered. Therefore, he cannot show prejudice because he cannot show that the claim would have had a reasonable probability of success on appeal. Accordingly, the district court did not err by denying this claim without an evidentiary hearing.

Maestas also claims that appellate counsel were ineffective for failing to challenge the district court's denial of a proffered defense instruction informing the jury that the death penalty should be limited to a narrow class of offenders who commit the most serious crimes and who most deserve execution. Maestas does not cite to caselaw requiring his proffered instruction, which would demonstrate the district court erred or abused its discretion in denying the instruction. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) ("The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion of judicial error. An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." (internal quotation marks and citations omitted)). Thus, he fails to demonstrate that appellate counsels' decision to omit this claim on appeal fell below an objective standard of reasonableness or that an appellate challenge would have had a reasonable probability of success, especially given the district court's broad discretion in settling instructions. Accordingly, he fails to demonstrate deficient performance or prejudice, and

the district court did not err by denying this claim without an evidentiary hearing.

Having concluded Maestas is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc:    Hon. Kathleen E. Delaney, District Judge
       David Kalo Neidert
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk